IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN, | No. C 08-4049 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS STATE LAW CLAIMS WITHOUT PREJUDICE** |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST CO, *et al.*, | |
| Defendants. | |

On January 23, 2009, the Court heard argument on certain defendants' motion to dismiss the complaint. For the reasons set forth below, the Court GRANTS the motion, declines to exercise jurisdiction over the state law claims, and DISMISSES the state law claims without prejudice.

**BACKGROUND**

On August 25, 2008, pro se plaintiff John Brosnan ("Brosnan" or "plaintiff") filed a complaint alleging some thirteen causes of action against various defendants. On September 4, 2008, Brosnan filed his First Amended Complaint ("FAC"). The FAC alleges fourteen causes of action against ten named defendants and "Does 1-99." The named defendants are: Deutsche Bank National as indenture trustee for New Century Home Equity Loan Trust ("Deutsche Bank"); Carrington Mortgage Services, LLC ("CMS"); Paul Winders; Dennis Reifert; John Bouzane; Priority Posting and Publishing; Apricia Corporation ("Apricia"); Curtis Law Group ("Curtis"); Robert A. Krasney; and Express Evictions.

The gist of the FAC is that plaintiff was in the process of purchasing a home in Richmond, California but did not complete the transaction because the home was sold at a foreclosure sale. Plaintiff

alleges that as of December 28, 2007, he "had possession" of the home, which was scheduled for a foreclosure sale on December 31, 2007, and that his personal property was located therein. Plaintiff was in the process of purchasing the home from the owner, Heather Woodhull, but needed time beyond December 31 to close escrow on the property. Plaintiff allegedly entered into an agreement with CMS to postpone the scheduled foreclosure sale of the property, and paid CMS $500 pursuant to that agreement. Plaintiff notified Apricia and Curtis, both of which were involved in the foreclosure sale, of the agreement to postpone the sale, but both Apricia and Curtis notified plaintiff that they could not halt the sale without instruction from CMS. The property was apparently sold at a foreclosure sale at some point prior to January 16, 2008.

CMS hired Winders to facilitate the disposition of the property. Winders informed plaintiff that the property had been sold, and instructed plaintiff to vacate the property. When plaintiff refused, CMS hired Bouzane and Krasney, lawyers working at Express Evictions, to evict plaintiff from the property. In February 2008, Winders and Express Evictions proceeded to change the locks on the house and remove plaintiff's property. Plaintiff returned from a business trip on February 10, 2008, discovered that his belongings were missing, and called the police. At some point, plaintiff called Winders to demand the return of his personal property; plaintiff alleges that Winders recorded this phone call without plaintiff's knowledge or consent. It is unclear whether plaintiff is still in possession of the house, and if not, when possession ceased. Defendants have not returned plaintiff's personal property.

In connection with the above events, plaintiff alleges fourteen stated causes of action, and also seeks to hold various defendants accountable on civil conspiracy and vicarious liability theories. Plaintiff states that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. Plaintiff's only federal cause of action is his First Cause of Action for illegal wiretapping in violation of 18 U.S.C. § 2511. Plaintiff's remaining causes of action are statutory and common law state law claims.

On November 3 and 4, 2008, defendants Apricia and Curtis jointly filed a motion to dismiss plaintiff's FAC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and a motion to strike the FAC under Rule 12(f).

2

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 380-81 (1994). The party who invokes federal jurisdiction bears the burden of establishing that it is proper. *Id.* at 377. The existence of federal jurisdiction must be determined on the face of the plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

28 U.S.C. § 1367 governs the exercise of supplemental jurisdiction over state law claims in a suit involving federal claims. In general, when district courts have original jurisdiction over one or more claims in civil actions, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The Ninth Circuit has explained that non-federal claims are "part of the same 'case' as federal claims when they derive from a common nucleus of operative facts and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) (internal quotation marks omitted).

A court may decline to exercise supplemental jurisdiction over a claim that meets the "same case or controversy" test if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Unless a court "properly invokes a section 1367(c) category in exercising its discretion to decline to entertain pendent claims, supplemental jurisdiction must be asserted." *Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1556 (9th Cir. 1994).

**DISCUSSION**

Plaintiff states in his complaint that jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1338, and requests that the Court exercise supplemental jurisdiction pursuant to § 1367. The Court is unsure why plaintiff has invoked § 1338, which states that a district court "shall have original

3

jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."

As previously noted, the only federal claim asserted by plaintiff is illegal wiretapping in violation of 18 U.S.C. § 2511. This cause of action is asserted against only three defendants: Deutsche Bank, Winders, and CMS. Under 28 U.S.C. § 1331, the Court has jurisdiction over this claim because it arises under federal law. Plaintiff states in his complaint that the Court should therefore exercise supplemental jurisdiction over the remaining state law claims.

It is debatable whether the state law claims even satisfy § 1367(a)'s "common nucleus of operative facts" test. The federal claim for illegal wiretapping alleges only that Winders, at the direction of Deutsche Bank and CMS, illegally recorded one phone call between Winders and Brosnan. While this alleged recording occurred during the foreclosure ordeal described above, the context of the phone call is legally irrelevant to the federal claim. Plaintiff simply needs to prove that an illegal recording took place. The 13 remaining state claims, however, go to the substance of the foreclosure transaction, and involve inquiries into whether agreements were in place and were breached, whether the foreclosure proceedings were proper, and which defendants were responsible for which actions. The factual and legal questions unique to the state law claims overwhelmingly predominate over any questions common to the federal and state law claims. *See Semi-Tech Litigation, LLC v. Bankers Trust Co.*, 234 F. Supp. 2d 297, 300-01 (S.D.N.Y. 2002) (declining to exercise supplemental jurisdiction over pendent state law claims because they did not arise out of the same nucleus of operative facts as federal claims).

Even if plaintiff's state law claims are considered part of a common set of facts, the Court has discretion to dismiss the state law claims without prejudice if the claims raise novel or complex issues of state law, or the state law claims substantially predominate over the federal claim. 28 U.S.C. § 1367(c). The doctrine of supplemental jurisdiction is one "of discretion, not of plaintiff's right." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

Clearly, the state law claims substantially predominate over the federal claims. There is only one federal claim which is only asserted against three of the ten named defendants, and there are thirteen stated causes of action arising under state law. Each state law claim is distinct from the federal claim, and involves elements of proof not necessary to establish the illegal wiretap claim. *See Szendrey-Ramos*

4

*v. First Bancorp*, 512 F. Supp. 2d 81, 86 (D. Puerto Rico 2007) (noting that the fact that "the state-law claims predominate over the federal claims is, in and of itself, reason enough to decline to exercise supplemental jurisdiction").

Furthermore, the claims raise some complex issues of state law, such as whether there is a private right of action for burglary under the California Penal Code, or for "conspiracy to destroy private property." Furthermore, defendants Apricia and Curtis, in their motions to dismiss and strike, raise complex issues of California procedural law, such as when California's heightened pleading requirement for alleging attorney conspiracy applies, and whether defendants' actions fall within the ambit of California's anti-SLAPP statute. Although the doctrine of supplemental jurisdiction is flexible, "it is fundamental that needless decisions of state law should be avoided both as a matter of comity and to promote justice between parties, by procuring for them a surer-footed reading of applicable law." *Young v. NY City Transit. Auth.*, 903 F.2d 146, 163-64 (2d Cir. 1990). Furthermore, a district court should not "depriv[e] state courts of opportunities to develop and apply state law." *Id.* at 164. Therefore, even if supplemental jurisdiction is proper § 1367(a), which is not clear, the Court declines to exercise its supplemental jurisdiction under § 1367(c)(1) and (2).

## CONCLUSION

For the foregoing reasons, pursuant to its discretion under 28 U.S.C. § 1367(c)(1) and (2), the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. Thus, all of plaintiff's claims except plaintiff's First Cause of Action for Illegal Wiretapping are dismissed without prejudice. (Docket Nos. 11 & 12).

**IT IS SO ORDERED.**

Dated: February 2, 2009

SUSAN ILLSTON
United States District Judge