IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN,<br><br>    Plaintiff,<br><br>  v.<br><br>DEUTSCHE BANK NATIONAL TRUST CO, *et al.*,<br><br>    Defendants.<br>                                      / | No. C 08-4049 SI<br><br>**ORDER GRANTING DEFENDANT JOHN BOUZANE'S MOTION TO SET ASIDE DEFAULT AND DISMISSING CLAIMS AGAINST BOUZANE WITHOUT PREJUDICE; GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT PAUL WINDERS; DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DENNIS REIFERT** |

On February 26, 2010, the Court held a hearing on defendant John Bouzane's motion to set aside the default and on plaintiff's motion for default judgment against defendants Bouzane, Winders and Reifert. Counsel for defendant Bouzane appeared. Plaintiff did not appear, nor did he notify the Court of any reason for his absence.

On November 21, 2008, the Clerk entered default against these three defendants. Relevant to the present motions, defendants Bouzane and Reifert were named as defendants in various state law claims; all of the state law claims were dismissed without prejudice in an order filed February 2, 2009. The Court GRANTS defendant Bouzane's motion to set aside the default and reaffirms the dismissal without prejudice of the claims against him. As the claims against Bouzane have been dismissed, the litigation with respect to Bouzane is over. With regard to Reifert, although default has been entered, judgment is not appropriate because the claims against Reifert were also dismissed.

Defendant Winders was named as a defendant in the only remaining federal claim, alleging illegal wiretapping under 18 U.S.C. § 2511. Default was entered against Winders, and plaintiff seeks

judgment against him on that basis. The Court will enter judgment. However, the undisputed evidence in the record – Winders' deposition testimony – shows that the recorded phone calls between plaintiff and Winders were not intended for any criminal, tortious or injurious purpose, but rather were made to preserve testimony and evidence. *See* Docket No. 69 at 5:11-7:23. Thus, the record strongly suggests that Winders did not violate 18 U.S.C. § 2511. There is no evidence that plaintiff suffered any actual damages as a result of Winders' actions, and the Court exercises its discretion and does not award any statutory damages. *See Reynolds v. Spears*, 93 F.3d 428, 434 (8th Cir. 1996). Judgment will therefore be for zero dollars.

With the resolution of the pending motions, this case has come to an end. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 26, 2010

SUSAN ILLSTON
United States District Judge